**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 3, 2023

K. Tyler O'Connell, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Kelly E. Farnan, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

> RE: ***In re Reinz Wisconsin Gasket, LLC,***
> Civil Action No. 2022-0859-MTZ

Dear Counsel:

I write to resolve DCo LLC's ("DCo") motion to intervene, and I write for those familiar with this case. The motion is denied.

On September 23, 2022, petitioner Linda A. Cook ("Petitioner") sought a receiver over Reinz Wisconsin Gasket, LLC (the "Company" or "RWG"), a dissolved and purportedly cancelled limited liability company, under 6 *Del. C.* § 18-805; she also seeks nullification of the Company's cancellation.[1] The Company purported to retain counsel, paid for by its sole member DCo, and purported to appear to resist appointment of a receiver and its own resuscitation. Over the course of trial and months of post-trial motion practice, I concluded a receiver should be appointed, and that because the Company is cancelled, it lacks a decisionmaker and so cannot retain counsel or itself participate in proceedings to appoint a receiver or nullify its cancellation. I have repeatedly signaled that the appropriate course is for DCo or another interested party to seek to intervene, but that I would not slow selection of a receiver to permit that intervention. Rather than pursue that course, counsel maintained the Company could appear, going so far as to seek an interlocutory appeal. Only after I declined to certify that application for an interlocutory appeal and Petitioner proposed possible receivers did DCo seek to intervene for the specific purpose of participating in the selection of the receiver.

---

[1] Docket item ("D.I.") 1.

DCo filed a motion to intervene (the "Motion") and its "Answer and Affirmative Defenses in Intervention to the Verified Petition for Appointment of a Receiver Pursuant to 6 *Del. C.* § 18-805."[2]  DCo seeks to intervene as of right and, in the alternative, permissively, under Court of Chancery Rule 24.[3]  DCo seeks this relief in hopes that it may weigh in on a receiver before the Court selects one because "[t]he candidates proposed by Petitioner are, in fact, not appropriate choices to serve as receiver in this matter, but there is currently no party to this action able to explain why."[4]  On June 21, Petitioner opposed the Motion, and DCo replied on June 26.[5]  DCo's motion to intervene is denied as untimely.

Rule 24 governs intervention by nonparties.  Rules 24(a) and (b) govern intervention of right and permissive intervention, respectively:

(a) Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action:  (1) When a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention.  Upon timely application anyone may be permitted to intervene in an action:  (1) When a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.  In exercising its discretion the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.[6]

---

[2] D.I. 94 [hereinafter "Mot."]; D.I. 95, Ex. 1.

[3] Mot. ¶¶ 25–40.

[4] *Id.* ¶ 23.

[5] D.I. 98; D.I. 100.

[6] Ct. Ch. R. 24(a)–(b).

Intervention requires a "timely application."[7]  There is no "bright-line rule" for timeliness under Rule 24.[8]  "Timeliness is a fact specific analysis that rests in the sound discretion of the trial court.  The court should consider two factors on a sliding scale: the inexcusableness of the delay and the prejudice to existing parties."[9]  "A key factor is whether the potential intervenor 'was in a position to seek intervention at an earlier stage in the case.'"[10]  "[C]ourts have generally been reluctant to allow intervention when the applicant appears to have been aware of the litigation but has delayed unduly in seeking to intervene."[11]  Cases "finding untimeliness or expressing serious concern about unwarranted delay involved delays of between five and twelve months."[12]  "The most important consideration

---

[7] *Id.*

[8] *Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co. S.A.*, 2015 WL 778846, at \*5 (Del. Ch. Feb. 24, 2015).

[9] *Great Am. Leasing Corp. v. Republic Bank*, 2003 WL 22389464, at \*1 (Del. Ch. Oct. 3, 2003) (citing *Diaz v. Southern Drilling*, 427 F.2d 1118 (5th Cir. 1970)); *accord GMF ELCM Fund, L.P. v. ELCM HCRE GP LLC*, 2021 WL 4313430, at \*10 (Del. Ch. Sept. 22, 2021) (citing *Great Am. Leasing Corp.*, 2003 WL 22389464, at \*1).

[10] *Great Am. Leasing Corp.*, 2003 WL 22389464, at \*1 (quoting 7C Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1916 at 428 (2d ed. 1986)); *accord* 7C Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1916 (3d ed. Apr. 2023 Update) [hereinafter "Wright & Miller"].

[11] *Id.* (quoting 7C Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1916 at 430 (2d ed. 1986)); *accord* 7C Wright & Miller § 1916 ("When the applicant appears to have been aware of the litigation but has delayed unduly seeking to intervene, courts generally have been reluctant to allow intervention." (footnote omitted)).

[12] *Carlyle*, 2015 WL 778846, at \*5 (footnote omitted); *see also, e.g.*, *In re Crimson Expl. S'holder Litig.*, 2014 WL 5449419, at \*28 (Del. Ch. Oct. 24, 2014) (noting "serious concern" with the fact that the proposed intervenor waited for five months after his related action was stayed and after briefing on the defendants' motion to dismiss concluded before attempting to intervene); *Great Am. Leasing Corp.*, 2003 WL 22389464, at \*1 (finding intervention untimely when proposed intervenors had actual knowledge of the action for nearly nine months); *Peak Prop. & Cas. Ins. Co. v. Speed*, 2010 WL 530072, at \*4 (Del. Super. Feb. 12, 2010) (holding that delay of one year "despite knowledge . . . of the pending action" was unreasonable and rendered application to intervene untimely).

in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case."[13]

In *Muirhead v. Mace*, the Court denied intervention where the movant's delay was unwarranted.[14] There, the movant was aware of the action for approximately a year but did not seek leave to intervene until months after the parties filed a stipulation for dismissal. In denying intervention, Master Griffin concluded that the movant "was aware of the case and chose not to intervene earlier in the proceeding," "deci[ded] to 'stand on the sidelines' in this case," and thus, "reasonably should have known about the need to intervene in the case much earlier."[15]

DCo's actions mirror those of the would-be intervenor in *Muirhead*. In July 2022, before Petitioner initiated this action, DCo internally acknowledged its interest in litigation against RWG.[16] On September 12, RWG's counsel in the federal action moved to withdraw, on the basis that the entity no longer existed and so could not retain counsel.[17] Thus, when Petitioner filed this action on September 23 seeking appointment of a receiver, DCo knew about (i) this action, (ii) DCo's interests in the action, and (iii) RWG's counsel's position that RWG

---

[13] *Great Am. Leasing Corp.*, 2003 WL 22389464, at *1 (quoting 7C Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1916 at 435 (2d ed. 1986)); *accord* 7C Wright & Miller § 1916 (collecting cases).

[14] 2018 WL 6710093 (Del. Ch. Dec. 19, 2018), *adopted*, C.A. 2017-0569-PWG, D.I. 20 (Del. Ch. Jan. 4, 2019).

[15] *Id.* at *3.

[16] JX 119 (July 19, 2022 DCo email forwarding cases in which dissolutions are nullified and the corporate veil pierced); *see also* JX 159 (September 16, 2022 Enstar email referencing withheld file entitled "DCo – Memo re Options for Reinz & Potential Alter Ego Claims against DCo.DOCX").

[17] *Cook v. Foster Wheeler Energy Corp.*, C.A. No. 1:21-cv-11362-RWZ, D.I. 328 (D. Mass. Sept. 12, 2022).

could not represent its own interests in litigation. DCo chose not to appear: instead, DCo chose to fund counsel purportedly retained by RWG.[18]

DCo sat on the bench and watched its team lose, even as I intimated DCo should perhaps suit up. In my March 20, 2023, post-trial opinion, which concluded a receiver should be appointed, I observed it was a puzzling thing for counsel to represent a cancelled company in opposing the imposition of a receiver and nullification of its cancellation.[19] I recognized DCo's potential interest as the Company's sole member.[20] I observed that in other similar cases, the cancelled entity's members had appeared.[21] I also directed that the "receiver may also investigate how this litigation has been funded."[22] These observations did not spur DCo to intervene.

On March 31, Petitioner followed the post-trial opinion with a "Motion to Determine Proper Respondent and Counsel."[23] DCo still did not intervene. Instead, DCo paid counsel to take the position that RWG was the correct party.[24] On May 8, I found that "[b]ecause RWG is cancelled and lacks a decisionmaker, RWG [could] not participate in the process of appointing its own receiver or retain counsel to do so."[25] I reiterated the role members of the cancelled entity could play

---

[18] JX 178 at 20 ("DCo chose to employ attorneys to defend Reinz in this Chancery case."); JX 182 at 22 (testifying DCo paid for the time of Reinz's corporate representative to be deposed).

[19] *In re Reinz Wisconsin Gasket* (*Reinz I*), 2023 WL 2568326, at *2 n.21 (Del. Ch. Mar. 20, 2023) (citations omitted). This opinion is also available at D.I. 73.

[20] *See Reinz I*, 2023 WL 2568326, at *2 n.21.

[21] *Id.* (citing *Schwaber v. Margalit*, 2022 WL 2719952 (Del. Ch. July 13, 2022), and *Schwaber v. Margalit*, C.A. No. 2021-1038-LWW, D.I. 17 (Del. Ch. Dec. 15, 2021)).

[22] *Id.* at *13.

[23] D.I. 74.

[24] D.I. 79; *supra* note 18, and accompanying text.

[25] *In re Reinz Wisconsin Gasket, LLC* (*Reinz II*), 2023 WL 3300042, at *5 (Del. Ch. May 8, 2023). This opinion is also available at D.I. 83.

in litigation like this.[26]  I asked Petitioner to submit the names of three possible receivers and a proposed order of appointment.[27]  And I specifically stated I was "unwilling to delay the warranted appointment of a receiver[] while the federal tort action proceeds in order to indulge DCo or any other interested party in entering their appearance and participating in identifying a suitable receiver."[28]

DCo still did not intervene.  Instead, DCo funded an application for an interlocutory appeal.[29]  In my June 2 letter decision declining to certify the application for an interlocutory appeal, I wrote that "[RWG]'s decisionmakers can *seek* to intervene."[30]  On July 10, the Delaware Supreme Court refused the interlocutory appeal.[31]  Three days later, RWG's purported counsel withdrew their appearance on behalf of the Company.[32]

In the meantime, on June 7, Petitioner submitted three candidates for consideration for appointment as receiver over the Company.[33]  Only on June 13, nearly nine months after Petitioner initiated this action, did DCo move to

---

[26] *Reinz II*, 2023 WL 3300042, at *3 & n.32 (citing, *inter alia*, *Schwaber*, 2022 WL 2719952, and *Schwaber v. Margalit*, C.A. No. 2021-1038-LWW, D.I. 17 (Del. Ch. Dec. 15, 2021), and *Techmer Accel Hldgs., LLC v. Amer*, 2010 WL 5564043 (Del. Ch. Dec. 29, 2010)).

[27] *Id.* at *5.

[28] *Id.*

[29] D.I. 85.

[30] *In re Reinz Wisconsin Gasket, LLC*, C.A. No. 2022-0859-MTZ, D.I. 89 at 11 (Del. Ch. June 2, 2023) (emphasis added); *see also id.* at 3 n.9 ("Third parties remain within their rights to intervene."); *id.* at 7 ("Again, Counsel ignores the [May 8] Letter Opinion's acknowledgment of interested parties' ability to seek to intervene—something Counsel was previously prepared to facilitate." (footnote omitted)).

[31] D.I. 102.

[32] D.I. 103.

[33] D.I. 92.

intervene.[34]  On June 13, RWG's purported counsel entered their appearance on behalf of DCo and filed the Motion.[35]

DCo's delay was unwarranted.  DCo was aware of its interest in this litigation and the steps needed to directly protect those interests:  I had highlighted them.  DCo instead chose to double down on its strategy of funding counsel that purported to represent RWG, causing weeks to pass.  I had also highlighted that I would not slow appointment of a receiver to accommodate an intervenor's input, in recognition that the receiver was sought to allow RWG to participate in other pending litigation.[36]  Yet providing that input is precisely why DCo sought to intervene.[37]  DCo offers no justification for its delay.

And Petitioner would be prejudiced by DCo's delayed intervention.  "If the delay is inexcusable, disruption to the schedule is reason enough to deny intervention."[38]  Petitioner has waited months since prevailing at trial to proceed with the receiver's appointment and work.  Permitting DCo to weigh in on the receiver's selection will only further "disrupt the schedule."[39]

The Motion is untimely and DCo's request for intervention is **DENIED**.

**IT IS SO ORDERED.**

---

[34] Mot.

[35] D.I. 95.

[36] *Reinz II*, 2023 WL 3300042, at *5.

[37] D.I. 100 ¶ 22.

[38] *Great Am. Leasing Corp*, 2003 WL 22389464, at *1 (citing *CAPM Corp. Advisors AB v. Protegrity, Inc.*, 2001 WL 1360122, at *11 (Del. Ch. Oct. 30, 2001)).

[39] *Id.* (citing *CAPM Corp.*, 2001 WL 1360122, at *11).  This is so even though I have just now had the opportunity to consider Petitioner's proposed receivers.  Further, DCo's motion to intervene does not advance the ball on their views about the receiver, so additional briefing would have been warranted had I permitted intervention.  An order selecting the receiver is issued contemporaneously with this letter opinion.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor


MTZ/ms

cc:  All Counsel of Record, via *File & ServeXpress*